## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Salazar Larez, | No. CV-26-02777-PHX-SPL (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Eric Rokosky, et al., | |
| Respondents. | |

Petitioner challenged his present immigration detention, arguing he is improperly subject to mandatory detention without a bond hearing.  (Doc. 1.)  The Court ordered Respondents to show cause why the Petition should not be granted.   (Doc. 3.) Respondents' response stated:

> Petitioner's case is not meaningfully distinguishable from *Echevarria v. Bondi*, No.25-cv-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. Oct. 3, 2025). Accordingly, Respondents do not oppose Petitioner's request for a bond hearing under 8 U.S.C. § 1226(a) at this time. Respondents note that Petitioner concedes that he may be detained under 8 U.S.C. § 1226(a), see Petition at ¶¶ 52, 54, and he makes no argument that he should be released unconditionally. Petitioner seeks only release on bond.

(Doc. 4.)  The Court accepts this concession as non-opposition to granting Petitioner's habeas corpus petition in part and granting a bond hearing.

**IT IS ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted in part** as described herein.

2. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or release Petitioner from custody under the same conditions that existed before Petitioner's detention.

3. Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing Petitioner a bond hearing.

4. Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 1st day of May, 2026.

Honorable Steven P. Logan
United States District Judge